# WAIVER OF DISCHARGE

The United States Trustee and Bobby G. Padgett, II (the "Debtor") hereby agrees as follows:

## RECITALS

A. On December 2, 2013, the Debtor filed a voluntary chapter 7 petition in the Western District of Washington initiating case no. 13-20505 (the "Bankruptcy Case").

B. Michael B. McCarty was appointed as the chapter 7 trustee in the Bankruptcy Case (the "Trustee").

C. On March 31, 2014, the United States Trustee filed a complaint objecting to the Debtor's discharge pursuant to 11 U.S.C. § 727 initiating adversary proceeding no. 14-01150 (the "Adversary Proceeding").

D. The Debtor is represented in the Bankruptcy Case and the Adversary Proceeding by Jeffrey L. Smoot, of ~~Highpoint Law Group PLLC~~ *Oles Morrison Rinker & Baker LLP*. The Debtor has had the opportunity to discuss the Waiver with Mr. Smoot and has concluded that it is in his best interests to enter into the Waiver in lieu of contesting the Adversary Proceeding.

E. It is understood that the United States Trustee will seek dismissal of the Adversary Proceeding following approval of the Waiver by the Bankruptcy Court.

## WAIVER

1. The Debtor hereby fully, completely, and voluntarily waives the discharge that would otherwise have been available in the Bankruptcy Case. This waiver is intended to, and does, include and waive the Debtor's discharge with respect to all claims, debts, liabilities, and other obligations set forth or otherwise referenced in the Schedules of Assets and Liabilities and the Statement of Financial Affairs filed by the Debtor in the Bankruptcy Case (collectively, the "Schedules"), as well as all claims, debts, liabilities, and other obligations that could have been set forth in the Schedules.

2. The Debtor understands and agrees that the Waiver is not intended to restrict or otherwise affect the right or ability of the United States Trustee or the Trustee to administer the Bankruptcy Case including, but not limited to, avoiding and/or recovering pursuant to 11 U.S.C. §§ 542, 544, 547, 548 or otherwise any transfers by the Debtor.

3. The Debtor knowingly and voluntarily waives any right to appeal the entry of any Order entered approving the Waiver.

WAIVER OF DISCHARGE

4. This waiver of discharge shall survive any subsequent dismissal or conversion of the Bankruptcy Case, and shall be effective to the fullest extent of the law in any subsequent bankruptcy case filed by or on behalf of the Debtor.

Dated this 14 day of ~~September~~ November, 2014

_____
Bobby G. Padgett, II, Debtor

Dated this 14 day of ~~September~~ November, 2014

Otes Momsen Rinker
~~Highpoint Law Group PLLC~~ & Baker LLP

_____
Jeffrey L. Smoot, WSBA #39335
Attorney for Debtor

Dated this ___ day of September, 2014

Gail Brehm Geiger
Acting U.S. Trustee for Region 18

__/s/ Martin L. Smith__
Martin L. Smith, WSBA #24861
Attorney for United States Trustee

WAIVER OF DISCHARGE

4. This waiver of discharge shall survive any subsequent dismissal or conversion of the Bankruptcy Case, and shall be effective to the fullest extent of the law in any subsequent bankruptcy case filed by or on behalf of the Debtor.

Dated this ___ day of September, 2014      _____
    Bobby G. Padgett, II, Debtor

Dated this ___ day of September, 2014      Highpoint Law Group PLLC

    _____
    Jeffrey L. Smoot, WSBA #39335
    Attorney for Debtor

Dated this 18th day of November, 2014      Gail Brehm Geiger
    Acting U.S. Trustee for Region 18

    __/s/ Martin L. Smith_____
    Martin L. Smith, WSBA #24861
    Attorney for United States Trustee