Judge: New Judge
Chapter: Chapter 7
Hearing Date: July 10, 2015
Hearing Time: 9:30 a.m.
Hearing Site: 700 Stewart St., #7206
Seattle, WA 98101
Reply Date: July 6, 2015

UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

BOBBY PADGETT II,

Debtor.

Case No. 13-20505

DECLARATION OF MICHAEL MCCARTY IN SUPPORT OF TRUSTEE'S MOTION FOR ORDER APPROVING COMPROMISE AND SETTLEMENT OF ADVERSARY PROCEEDING NO 14-1415 CAPTIONED AS MCCARTY V. BGP I, LLC, ET. AL

MICHAEL MCCARTY declares under penalty of perjury of the laws of the State of Washington as set forth below.

I am over the age of 21 and am competent to make this declaration.

I am the Chapter 7 Trustee in the above-captioned case.

I am familiar with the facts of this case and the underlying adversary proceedings.

The Debtor's schedules indicated that he lived at 1703 41st Avenue SW, Seattle, Washington 98116 ("Property"). The Debtor's schedule also indicate that the Property was owned 25% by him, 25% by his wife and 50% by his parents, Bobby Padgett II and Geraldine Padgett ("Parents").

A review of the property records indicates that the Property was purchased on January 28, 2012 and was titled in the name of BGP I, LLC. The purchase price was $475,199.00

At a 2004 examination of the Debtor he testified that BGP I, LLC ("BGP") was an LLC of which his father, Bobby Padgett I, was the sole owner. He further testified he, his wife and his Parents had all purchased the house to fix up and sell, yet the Debtor had lived in the Property at all times since its purchase and it was not on the market.

DECLARATION OF MCCARTY IN SUPPORT
OF TRUSTEE'S MOTION TO APPROVE
COMPROMISE AND SETTLEMENT OF
ADVERSARY PROCEEDING 14-1415
Page 1

Wood & Jones, P.S.
303 N. 67th Street
Seattle, WA 98103
(206) 623-4382

After various documents were subpoenaed it was clear that the Debtor, and not his father, had formed BGP I on December 17, 2003 and the sole member was the Debtor, Bobby Padgett II.

Subpoenaed documents also revealed that the parties did not each contribute equal amounts to purchase the property. Just prior to purchasing the Property the Parents transferred $30,000.00 to Bobby Padgett II, individually, not to BGP I. There was no promissory note evidencing the transfer. Just after the Property was purchased the Parents transferred another $10,000.00 to Padgett ostensibly to fund needed improvements to the Property.

The Debtors non-filing spouse, Dawn Padgett, had contributed $34,096.16 towards the purchase price. There was no promissory note evidencing this transfer.

The Debtor contributed cash in the amount of $26,428.49. However, the loan for the property was obtained using the credit of the Debtor, and both he and the community were liable for the loan. Therefore, if the amount of ownership was calculated based on the contributions of the parties, the Parents would own 8.5%, Dawn Padgett would own 7.3% and Bobby Padgett II and the community would own the remaining 84.2%.

At the 2004 examination the Debtor further testified that his Parents had loaned him a lot of money and generally he considers the transfers from his parents to constitute gifts rather than loans. The Parents were not listed as creditors on the Debtor's bankruptcy schedules.

I had my counsel subpoena records from the escrow company and learned that the Purchase and Sale Agreement had been in the name of Bobby Padgett II and Dawn Padgett until just two days prior to closing. Just a few days prior to closing the escrow agent sent an email to Bobby Padgett II indicating that the credit report showed all sorts of liens, judgments and lawsuits against him and he need to clarify who those belonged to. In fact those liens, judgments and lawsuits were against him and not some other person. Therefore they
DECLARATION OF MCCARTY IN SUPPORT
OF TRUSTEE'S MOTION TO APPROVE
COMPROMISE AND SETTLEMENT OF
ADVERSARY PROCEEDING 14-1415
Page 2

Wood & Jones, P.S.
303 N. 67th Street
Seattle, WA 98103
(206) 623-4382

executed an addendum to the Purchase and Sale Agreement substituting BGP I as the purchaser.

The closing documents, including the Deed of Trust, are signed by Bobby Padgett II and he specifically stated on the signature line that he was the sole shareholder of BGP I.

On October 28, 2014, at my instruction, a complaint was filed against BGP I, LLC, Bobby Padgett II and Dawn Padgett, and Bobby Padgett I and Geraldine Padgett, adversary proceeding number 14-1415. The Defendants filed an answer.

On March 5, 2015 the Defendants filed a motion for summary judgment. In that motion the Defendants contended that they had formed an oral partnership and the oral partnership, and not BGP I, owned the property. My counsel responded to the motion and pointed out that under Washington State Supreme Court case law whether an oral partnership exists is a matter of fact that cannot be determined on summary judgment. The Court denied the motion for summary judgment.

Trial in this case was schedule for June 12 and 15, 2015. On June 5, 2015 I agreed to settle the claims raised in the complaint. The terms of the settlement are:

1. The Trustee will list Property for sale.

2. The Trustee will consent to Debtor Bobby Padgett II and his wife Dawn remaining in the Property until a sale is approved by the Court as long as the Debtor and his wife agree to cooperate with the real estate agent and agree that they will not disclose the facts of this settlement to any potential purchaser, their desire to remain in the residence, or their desire to buy the property from the Trustee. Further, the debtors will not communicate with any potential purchasers and will not advise any potential purchasers of any of the problems or issues with the property that the debtor may believe exist. Bobby Padgett II and his wife Dawn agree to make the monthly mortgage payment while they reside in the Property.

3. The Trustee agrees that from the sale proceeds the Trustee will pay $40,000.00 to Geraldine Padgett and $34,096.16 to Dawn Padgett to reimburse them for the amounts they contributed toward the purchase of the Property.

4. The Trustee will file a motion to approve the sale of the Property upon execution of the purchase and sale agreement. If the Debtor can beat the offer he can file an objection and thereafter the Trustee will conduct an auction of the Property at the hearing on the motion. The debtor must establish that he will be able to close a purchase of the property within 6 weeks after court approval of any sale.

DECLARATION OF MCCARTY IN SUPPORT
OF TRUSTEE'S MOTION TO APPROVE
COMPROMISE AND SETTLEMENT OF
ADVERSARY PROCEEDING 14-1415
Page 3

Wood & Jones, P.S.
303 N. 67th Street
Seattle, WA 98103
(206) 623-4382

5. If the Debtor is the highest bidder both Geraldine Padgett and Dawn Padgett will be allowed to "credit bid" the amount that is owing to them as part of the purchase price.

6. The Property must be purchased in the name of Bobby and Dawn Padgett and/or assigns or something of the like. The Property will not be allowed to stay in the name of BGP I, and the loan remain in place in the name of BGP I because Michael McCarty is the 100% owner of BGP I. There must be an actual sale and a payoff of the first position deed of trust. The Trustee has no objection to the lender reloaning the money to the Debtor upon whatever terms and conditions the parties work out between themselves.

I based my decision to accept the settlement upon the four factors set forth in the case of A&C Properties, 784 F.2d 1377 (9th Cir. 1986), which are set forth and discussed below:

**A.  Probability of Success in Litigation.**

I believe I have about a 95% chance of prevailing at trial and obtaining a ruling that there is no oral partnership, that the Property is titled in the name of BGP I and that Bobby Padgett II is the sole member of BGP I.

I also believe it was about 60% likely that the Court would have found that the funds advanced by the parents and Dawn Padgett were gifts that I was not required to repay from the sales proceeds of the Property.

**B.  Difficulties to be encountered in the matter of Collection.**

I asked my real estate agent to inspect the Property and based on his inspection I believe the house is worth at least One Million Dollars. The Debtor thinks this value is too high. The amount owed to the first is approximately $360,000.00 and thus there appears to be substantial equity in the Property.

**C   Complexity of litigation and expense, inconvenience and delay attendant therewith.**

I believe it would have cost approximately $20,000.00 to prepare for and attend the scheduled two day trial.

**D.  Best Interest of creditors.**

DECLARATION OF MCCARTY IN SUPPORT
OF TRUSTEE'S MOTION TO APPROVE
COMPROMISE AND SETTLEMENT OF
ADVERSARY PROCEEDING 14-1415
Page 4

Wood & Jones, P.S.
303 N. 67th Street
Seattle, WA 98103
(206) 623-4382

I believe the interests of the creditors is best served by agreeing to accept the settlement discussed above and accordingly ask this Court to approve the compromise and settlement.

I seek approval from this Court to execute all documents necessary to effectuate the settlement set forth above, if approved, including the settlement Agreement.

Signed and dated this ___ day of June, 2015 at Seattle, Washington.

/s/ Michael McCarty

DECLARATION OF MCCARTY IN SUPPORT
OF TRUSTEE'S MOTION TO APPROVE
COMPROMISE AND SETTLEMENT OF
ADVERSARY PROCEEDING 14-1415
Page 5

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle, WA 98103
(206) 623-4382